# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK SANCHEZ, and
PATRICK MARQUEZ,
*on behalf of themselves and a class*
*of similarly situated individuals*,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 11-1021 KG/SCY

DEREK WILLIAMS, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RELATED TO VILLAGE OF LOS LUNAS AND VILLAGE OF BOSQUE FARMS DEFENDANTS' MOTION TO DISMISS

The Village of Los Lunas and Bosque Farms Defendants (Defendants) filed a motion to dismiss in which they allege numerous discovery violations and, as a sanction, seek dismissal of all claims against them. Doc. 59.[1] I propose finding that Plaintiffs disregarded a Court order regarding class certification discovery and that Plaintiffs otherwise failed to provide class certification discovery.[2] Further, after considering factors set forth in Tenth Circuit precedent, I recommend that the Court dismiss Plaintiffs' class claims. However, after considering the same factors with regard to Plaintiffs' individual claims, and considering that the discovery violations at issue pertain to Plaintiffs' class claims rather than their individual claims, I recommend that the Court deny Defendants' motion with regard to Plaintiffs' individual claims.

---

[1] As set forth below, this case had been consolidated with related cases. Unless citations reference one of these related cases, docket citations will be to this now unconsolidated case, Civ. No. 11-1021 KG/SCY.

[2] On February 15, 2018, United States District Judge Kenneth J. Gonzales referred Defendants' Motion to Dismiss to me for entry of proposed findings and a recommended disposition. Doc. 60. I held a hearing on this motion on April 5, 2018. Docs. 65, 73.

I.   **Factual Background**

Plaintiffs Mark Sanchez and Patrick Marquez (Plaintiffs), together with former plaintiffs Oscar Leyva and Dustin Sarrett, commenced this lawsuit against the Village of Los Lunas and Bosque Farms Defendants, among others, in 2011. Doc. 1. In early 2012, the Court consolidated this case with *Wilson v. Montano et al.*, Civ. No. 11-658 KG/SCY and *Ortiz v. Benavidez et al.*, Civ. No. 11-951 KG/SCY. Doc. 36.

Plaintiff Sanchez alleges that Bosque Farms police officer Steven Roberts arrested him without a warrant on July 1, 2010. Doc. 5 at 4, 11. Further, he alleges, Officer Roberts booked him into the Valencia County Detention Center (VCDC) and then failed to file a criminal complaint against him. *Id.* at 11. As a result, Plaintiff Sanchez claims that he unnecessarily remained in custody at the VCDC for approximately eight days. *Id.* With regard to the VCDC, Plaintiff Sanchez asserts that the booking officer (referred to as "John Doe") never arranged to have him appear before a magistrate judge and did not release him when it became apparent no charges were filed. *Id.* at 6, 11.

Plaintiff Marquez alleges that Los Lunas Officer Delinda Chavez arrested him without a warrant on or about June 15, 2010. Doc. 5 at 5, 12. According to Plaintiff Marquez, Officer Chavez booked him into the VCDC following his arrest but waited until June 28, 2010 to file a criminal complaint against him. *Id.* at 13. When Plaintiff Marquez was then brought before a magistrate judge on June 29, 2010, the magistrate judge released him. *Id.* Further, Plaintiff Marquez alleges that the VCDC booking officer (referred to as "John Doe") neither arranged to have him brought before a magistrate judge nor released him during the time he was kept in custody without any charges having been brought against him. *Id.*

Plaintiffs Marquez and Sanchez are also representatives in a putative class action brought on behalf of "all people who have been incarcerated in VCDC without criminal charges being filed on the day of their arrest or, if the court is not open on the day of the arrest, on the next business day of the court." Doc. 5 at 32. Their co-plaintiffs, Dustin Sarrett and Oscar Leyva, are no longer part of this case, as the Court dismissed their claims with prejudice on February 6, 2018, as a sanction for discovery violations and failure to prosecute their claims. Doc. 50.

## II.     Procedural History

Discovery stays have been in place throughout much of this litigation. In December 2016, the Court ruled on a number of motions that had been pending. *See* Civ. No. 11-658 KG/SCY, Docs. 158-166. I held a status conference on January 24, 2017 and lifted the discovery stay in place at the time. Civ. No. 11-658 KG/SCY, Docs. 172-73. Although the cases remained consolidated, discovery in this case and *Wilson* largely diverged, primarily because the plaintiffs in this case intend to seek class certification. Specifically, I initially bifurcated discovery in this case to allow all of the parties to conduct written discovery regarding class certification issues before commencing merits discovery. *Id.* Subsequently, over the course of multiple follow-up status conferences with the parties, I modified the discovery process to allow for a phased pre-certification discovery approach. Civ. No. 11-658 KG/SCY, Doc. 178. First, I allowed a period of "Phase 1" discovery, designed to provide Plaintiffs an opportunity to obtain the information they would need to support their motion for class certification. "Phase 2" discovery was designed to provide Defendants an opportunity to obtain the information they would need to respond to Plaintiffs' motion for class certification. Unfortunately, due to the volume of discovery involved and various disputes regarding the production of this discovery, the Phase 1 discovery process

took longer than the parties initially anticipated. Civ. No. 11-658 KG/SCY, Docs. 188, 196, 207, 208, 211, 215.

On July 24, 2017, I set settlement conferences which, at the request of the parties, I later vacated and reset to the end of November 2017. Civ. No. 11-658 KG/SCY, Docs. 219, 221, 226-228. At a status conference on September 12, 2017, the parties requested that the commencement of Phase 2 discovery be delayed until after the November settlement conferences. Civ. No. 11-658 KG/SCY, Doc. 225. I then ordered the parties to file a joint status report (JSR) regarding proposed parameters and deadlines for Phase 2 discovery. *Id*. The parties filed this JSR on October 2, 2017. Civ. No. 11-658 KG/SCY, Doc. 231. Even though the Court had not yet entered a Phase 2 discovery order, Defendants represent that they propounded discovery on October 19, 2017. Civ. No. 11-658 KG/SCY, Doc. 259-1, 259-2. On October 26, 2017, I entered an order setting a deadline for Phase 2 discovery to be completed by January 26, 2018. Civ. No. 11-658 KG/SCY, Doc. 236. I also set a deadline of February 16, 2018 for Plaintiffs to file their motion for class certification. *Id*.

On December 14, 2017, Defendants filed a motion to compel, arguing that Plaintiffs had been completely unresponsive to their attempts to obtain discovery. Civ. No. 11-658 KG/SCY, Doc. 259. The Court denied this motion because Defendants propounded their discovery requests prior to the commencement of Phase 2 discovery and because the scope of discovery requested exceeded the amount the Court allowed. Civ. No. 11-658 KG/SCY, Doc. 280. The Court then directed Defendants to serve written discovery that complied with its order regarding Phase 2 discovery no later than January 31, 2018, and allowed Plaintiffs two weeks thereafter to respond to the discovery. *Id.* Importantly, the Court advised Plaintiffs "that the failure to comply with discovery obligations or Court orders may result in the imposition of sanctions, up to and

including dismissal of their claims." *Id*. at 2.  The Court further reiterated in bold lettering that the "February 16, 2018 deadline for Plaintiffs to file a motion for class certification remains unchanged." *Id*. at 2.  Defendants represent, and Plaintiffs do not dispute, that Defendants complied with this order by serving their written discovery on January 24, 2018. Doc. 59 at 3.  Thus, Plaintiffs' response to this discovery was due no later than February 8, 2018.  Having received no response, Defendants filed the instant motion on February 14, 2018. Doc. 59.  Plaintiffs, however, did not file a timely response.

On March 8, 2018, I scheduled a hearing on Defendants' motion to dismiss to take place on April 5, 2018. Doc. 65.  On March 19, 2018, the Office of Disciplinary Counsel for the Disciplinary Board of the New Mexico Supreme Court notified this Court of a pending Petition for Administrative Suspension of Plaintiffs' counsel. Doc. 68.  On March 29, 2018, Plaintiffs filed a motion to extend the deadline to respond to, among other things, Defendants' motion to dismiss. Doc. 69. In this motion, Plaintiffs' counsel represented that he "was unable to respond in a timely manner . . . because he experienced significant medical difficulties and a condition that rendered it impossible for him to respond by the deadline." Doc. 69 at 2.  I denied this motion with leave to renew it at the April 5, 2018 hearing. Doc. 70.

For a portion of the April 5, 2018 hearing, I sealed the courtroom so that I could hear details from Plaintiffs' counsel about his medical condition.  Plaintiffs' counsel represented that his medical condition had existed for the past six to eight months and that his condition declined rapidly during the previous three to four months.  Doc. 85 at 4-5, 9-10.  He stated that from late December, 2017 into January, 2018, his medical condition severely affected his ability to represent his clients. Doc. 85 at 4-5, 9-10.  Plaintiffs' counsel indicated that, while he did need to hire investigators to help locate Plaintiffs, he was able to locate them and their failure to appear

5

at the hearing as well as their recent unresponsiveness was the fault of counsel, not the fault of Plaintiffs themselves. *Id*. at 6. Based on the representations of Plaintiffs' counsel, I am convinced that Plaintiffs' counsel did suffer from a medical condition that reached a peak in late December 2017 and which significantly impaired his ability to respond to discovery and meet Court imposed deadlines. I recommend that the Court make such a finding.

During the open portion of the April 5, 2018 hearing, I pointed out that, while Plaintiffs had moved to extend the time to respond to Defendants' motion to dismiss, Plaintiffs had not filed a motion to extend the February 16, 2018 class certification deadline. Doc. 75 at 9. Plaintiffs' counsel responded that he would be filing a motion for a new scheduling order but that he first needed to verify with his clients that they continued to be willing to pursue the class claims as class representatives. *Id*. at 10, 13. Plaintiffs' counsel stated that he could ascertain his clients' willingness to remain as class representatives within seven to fourteen days. *Id*. at 13.

At the conclusion of the hearing, I granted Plaintiffs' counsel's request for an opportunity to file a written response to Defendants' motion to dismiss (Doc. 59) as well as to the motions for summary judgment (Docs. 61, 62) filed by the Valencia County Defendants. Plaintiffs filed responses to these motions on April 19, 2018. Docs. 76-78. To date, however, Plaintiffs have not filed a motion to extend the February 16, 2018 deadline to move for class certification.

**III.    Analysis**

The Federal Rules of Civil Procedure authorize a district court to impose sanctions, including dismissal of a case with prejudice, for a party's failure to comply with court orders and discovery requirements set by local and federal rules. Here, Defendants rely on Rules 37 and 41 to support their argument that the Court should dismiss Plaintiffs' claims with prejudice. Doc. 59 at 3-4.

Turning first to Rule 41(b), this rule authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). As the Tenth Circuit has emphasized, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . .." *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). When a defendant seeks to dismiss a case with prejudice, as here, the Court should consider the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Id*. This is a highly fact-intensive inquiry that should generally be conducted on the record although the Tenth Circuit has affirmed dismissals even where the district court did not consider all of the factors. *See Lee v. Max Intern., LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (internal citation omitted). Ultimately, "the chosen sanction must be both just and related to the

particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks omitted).

Rule 37 has several provisions concerning a party's failure to comply with his/her discovery obligations. Of particular relevance here, Rule 37(d) governs a party's failure to serve answers to interrogatories, and provides that the Court may, on motion, order sanctions if a party "after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." *See* Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). Rule 37(d)(3) specifies that the Court may impose the following sanctions for these particular discovery violations:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) *dismissing the action or proceeding in whole or in part*;

(vi) rendering a default judgment against the disobedient party[.]

*See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) (emphasis added). In addition to, or instead of, the above sanctions, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P 37(d)(3). Rule 37(b) also authorizes the Court to impose the sanctions set forth above if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A).

Because our judicial system prefers to resolve cases on their merits, dismissal of a case with prejudice "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal citation omitted). "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks and citations omitted).

Plaintiffs do not dispute that Defendants properly served on them interrogatories and other requests for written discovery. Nor do Plaintiffs dispute that they failed to timely provide responses to such discovery. As a result, the issue is not whether sanctions should be imposed but, rather, what sanctions should be imposed. *See* Doc. 76 (conceding that sanctions are appropriate and arguing that the imposition of costs, rather than dismissal, is the appropriate sanction). In answering this question, it is helpful to separate Plaintiffs' class claims from their individual claims.

### A. *Ehrenhaus* Analysis with Regard to Class Claims

The Phase 2 discovery requests to which Plaintiffs did not respond were designed to obtain information Defendants needed to respond to Plaintiffs' anticipated motion for class certification. I ordered Phase 2 discovery to begin on October 16, 2017 and to be completed three months later, on January 26, 2018. Civ. No. 11-658 KG/SCY, Doc. 236. Plaintiffs acknowledged at the April 5, 2018 hearing that they had yet to provide any responsive discovery and that the parties would be beginning Phase 2 discovery at square one if the Court entered a new Phase 2 scheduling order. Doc. 75 at 12-13. An analysis of the *Ehrenhaus* factors and other considerations demonstrate that, with regard to the class claims, Plaintiffs' conduct "outweigh[s]

9

the judicial system's strong predisposition to resolve cases on their merits", *Ehrenhaus*, 965 F.2d at 921, and that dismissal of the class claims with prejudice is the most appropriate sanction.

    1. *Prejudice to the Opposing Party*

Defendants argue that Plaintiffs' failure to provide Phase 2 discovery has prejudiced them by impairing their ability to "evaluate the merits of these Plaintiffs' claims in a timely and reasonable fashion." Doc. 59 at 5. The Court agrees. Plaintiffs' failure to meet their discovery obligations has created significant delays in moving the class certification process forward. Plaintiffs' failure to respond to Defendants' Phase 2 discovery requests is particularly prejudicial in light of the fact that Defendants and their co-defendants (principally Valencia County) have spent considerable resources providing Plaintiffs with documents responsive to Plaintiffs' Phase 1 discovery requests, only to then receive no reciprocal discovery from Plaintiffs.

As Plaintiffs have pointed out at several points throughout this litigation, I recognize that much of the delay in this nearly seven year old case has been the result of stays for reasons beyond Plaintiffs' control, including the various defendants' interlocutory appeals to the Tenth Circuit. Those delays, of course, have a legal justification. The same cannot be said of the current delays. Regardless of any medical justification Plaintiffs' counsel may have had, the current delays are completely attributable to Plaintiffs' non-responsiveness and have served to prevent a timely resolution of the class claims. As a result, with regard to the class claims, this factor weighs in favor of granting Defendants' motion.

    2. *Amount of Interference with the Judicial Process*

"[W]hen considering whether there has been interference with the judicial process, courts have often looked to whether the willful abuse of the discovery process caused delays in the judicial proceedings." *See Maples v. Vollmer*, 2013 WL 1009558, * 21 (D.N.M. Mar. 5, 2013).

As set forth above, I attribute the current delays to Plaintiffs' counsel's medical condition – a medical condition which appears to have been beyond Plaintiffs' counsel's ability to control. As a result, I do not find Plaintiffs' interference with the judicial process to be willful. On the other hand, I do find the interference with the judicial process to be significant and entirely attributable to Plaintiffs' failure to provide Phase 2 discovery and to move for an extension of the deadline to file a motion for class certification. On balance, I find this factor slightly favors Defendants' motion to dismiss.

3. *Culpability of the Litigants*

Although Plaintiffs' counsel had to hire a private investigator to find his clients at some point during this litigation, Plaintiffs' counsel made clear at the April 5, 2018 hearing that the failures that gave rise to the current motion to dismiss are attributable to Plaintiffs' counsel, rather than Plaintiffs. Given that I credit Plaintiffs' counsel's representations regarding his medical condition, I also credit his representation that his clients are not at fault for the failures that gave rise to the current motion. As a result, this factor weighs in favor of denying Defendants' motion to dismiss with regard to the class claims.

4. *Whether the Court warned Plaintiffs in advance that dismissal would be a likely sanction for non-compliance*

In my January 23, 2018 Order Denying Motion to Compel, I ordered Plaintiffs to provide responses to Defendants' renewed written discovery two weeks after being served. Civ. No. 11-658 KG/SCY, Doc. 280 at 2. I then clearly advised Plaintiffs that "the failure to comply with discovery obligations or Court orders may result in the imposition of sanctions, up to and including dismissal of their claims." *Id.* This clear warning indisputably places this factor on the side of the balance favoring Defendants' motion to dismiss.

11

5. *Efficacy of Lesser Sanctions*

Plaintiffs propose that the Court impose monetary sanctions in lieu of dismissal. Doc. 76 at 4. Given that the failure to provide discovery is attributable to Plaintiffs' counsel rather than Plaintiffs and that Plaintiffs' counsel would presumably pay any monetary sanction imposed, the proposal to impose a monetary sanction instead of dismissing the case has some appeal. I remain concerned, however, that the failure to timely respond to Court deadlines will continue to be an issue. For instance, Plaintiffs' counsel represented at the April 5, 2018 hearing that he would need one to two weeks to determine whether Plaintiffs were willing to move forward as class representatives on the class claims. Presumably, if Plaintiffs were willing to do so, they would have filed a motion to extend the already expired February 16, 2018 deadline to move for class certification. Now, approximately nine weeks after the April 5, 2018 hearing and more than three months after the deadline to move for class certification, Plaintiffs have yet to move to extend the class certification deadline. This failure strongly indicates that Plaintiffs are unlikely to diligently move forward with their class claims. As a result, this factor weighs in favor of granting Defendants' motion to dismiss.

6. *Dismissal of Class Claim Allegations Likely Not Fatal to Potential Claims of Individual Class Members*

Further supporting my recommendation to dismiss the class claims is the fact that such an action is not as drastic as dismissing the individual claims with prejudice. Therefore, *Ehrenhaus*'s admonitions against dismissal due to the harshness of such an action do not weigh as heavily on the consideration of whether to dismiss the class claims. As Plaintiffs recognized at the April 5, 2018 hearing, it is likely that "individual potential class members would still have viable claims and be able to pursue those if they decided to. Because I think that there is a tolling while the case is pending." Doc. 75 at 10-11; *see also American Pipe & Const. Co. v.*

12

*Utah*, 404 U.S. 538, 554 (1974) ("We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Thus, unlike dismissal of the individual Plaintiffs' claims, which would preclude them from pursuing their individual claims forever, dismissal of the class action does not necessarily preclude potential class members from pursuing their individual claims.

### B. *Ehrenhaus* Analysis with Regard to Individual Claims

Although I recommend dismissing Plaintiffs' class claims as a sanction for Plaintiffs' discovery violations, I recommend denying Defendants' motion to dismiss with regard to the individual claims. I make this recommendation largely because, had Plaintiffs timely provided discovery responses and timely moved for class certification, and had Defendants prevailed in their opposition to Plaintiffs' motion for class certification, Defendants' position with regard to the individual claims would not be much different than their current position. Notably, in the Joint Status Report on Phase 2 discovery, the parties proposed a May 28, 2018 deadline for Plaintiffs to file their motion for class certification and a June 27, 2018 deadline for completion of class certification briefing. Civ. No. 11-658 KG/SCY, Doc. 231 at 2. Because discovery on Plaintiffs' individual claims would follow resolution of the class certification issue, under the deadline Defendants proposed discovery on the individual claims would not have begun until after June 27, 2018, regardless of whether Plaintiffs complied with their class certification discovery obligations. Therefore, Defendants cannot credibly complain that Plaintiffs' class certification discovery failures have created prejudicial delay to the individual claims, much less delay so extreme as to warrant dismissal of Plaintiffs' individual claims with prejudice.

Although I rejected the parties' proposed June 27, 2018 completion of briefing deadline as being too long, even the schedule I imposed did not contemplate that class certification briefing would be completed prior to March 19, 2018. Civ. No. 11-658 KG/SCY, Doc. 236. If the Court accepts my recommendation to dismiss the class claims, Defendants will be in a position similar to the one they would have been in had class certification briefing concluded by March 19, 2018 and had the Court then issued a decision on that motion in Defendants' favor sometime in June. In other words, had Plaintiffs committed no discovery violations and had Defendants then prevailed in their opposition to Plaintiffs' expected motion for class certification, Defendants would be in a position very close to the one in which they will find themselves if the Court accepts my recommendation.

Further, an analysis of the *Ehrenhaus* factors favors denying Defendants' motion to dismiss the individual claims.

1. *Prejudice to the Opposing Party*

Defendants argue that Plaintiffs' failure to provide Phase 2 discovery has prejudiced them by impairing their ability to "evaluate the merits of these Plaintiffs' claims in a timely and reasonable fashion." Doc. 59 at 5. The only discovery thus far ordered, however, relates to class certification. As set forth immediately above, under Defendants' best case scenario, they could not expect to obtain discovery on the individual claims earlier than now. As a result, this factor strongly weighs in favor of denying Defendants' motion.

2. *Amount of Interference with the Judicial Process*

Not only has there been no willful abuse of discovery related to the individual claims, there has been no abuse at all as the Court has not yet entered a scheduling order for discovery

on the individual claims. Therefore, this factor strongly weighs in favor of denying Defendants' motion.

   3. *Culpability of the Litigants*

The individual Plaintiffs are not responsible for the medical condition of Plaintiffs' counsel and so this factor also strongly weighs in favor of denying Defendants' motion to dismiss. This is particularly true in light of the fact that the discovery Plaintiffs did not timely produce was directed to class certification and not to the merits of Plaintiffs' individual claims.[3]

   4. *Whether the Court warned Plaintiffs in advance that dismissal would be a likely sanction for non-compliance*

In my January 23, 2018 Order Denying Motion to Compel, I ordered Plaintiffs to provide responses to Defendants' renewed written discovery two weeks after being served. Civ. No. 11-658 KG/SCY, Doc. 280 at 2. I then clearly advised Plaintiffs "that the failure to comply with discovery obligations or Court orders may result in the imposition of sanctions, up to and including dismissal of their claims." *Id.* This warning favors granting Defendants' motion to dismiss.

   5. *Efficacy of Lesser Sanctions*

Given Plaintiffs' recent failures to comply with their discovery obligations, including a failure subsequent to the April 5, 2018 hearing to file a motion to extend the time to move for class certification, I am concerned that Plaintiffs will not diligently prosecute their individual claims. Nonetheless, Plaintiffs' counsel represented that he intended to associate with an experienced and well-respected attorney going forward in this case. Based on this

---

[3] For the sake of efficiency and cost reduction, the Court did contemplate that some merit discovery be conducted during the course of class certification discovery. Civ. No. 11-658 KG/SCY, Doc. 236. Nonetheless, the purpose of Phase 2 discovery was to place the parties in a position to effectively litigate the class certification issue and the Court's intent has always been to enter a scheduling order for discovery on the individual claims after resolution of the class certification issue. *See* Civ. No. 11-658 KG/SCY, Docs. 172-73

representation, I recommend that the Court conclude that the lesser sanction of dismissal of the class claims (as opposed to all claims) is sufficient to address Plaintiffs' failure to provide discovery related to the class claims.

## IV.     Conclusion

Plaintiffs' failure to comply with their discovery obligations related to the class claims warrants dismissal of those claims. Because Plaintiffs' violations do not directly relate to discovery on their individual claims, however, dismissal of their individual claims is inappropriate at this time. Therefore, I recommend that the Court grant in part and deny in part Defendants' motion to dismiss (Doc. 59) such that the Court dismiss with prejudice Plaintiffs' class claims[4] and deny Defendants' motion to dismiss Plaintiffs' individual claims.

*/s/ Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[4] My recommendation to dismiss the class claims with prejudice is intended to preclude only claims brought as a class action; it is not intended to preclude potential class members from seeking to bring individual claims.