IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK SANCHEZ, and
PATRICK MARQUEZ,
*on behalf of themselves and a class*
*of similarly situated individuals*,

    Plaintiffs,

v.                                                                                                       Civ. No. 11-1021 KG/SCY

DEREK WILLIAMS, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RELATED TO DEFENDANTS' MOTIONS TO DISMISS

The Court must decide if the time has come to dismiss the final defendants from this lawsuit due to Plaintiffs' failure to prosecute their case. Because the Court has repeatedly warned Plaintiffs that it will dismiss this case unless they make an effort to prosecute the case, because Plaintiffs have failed to heed such warnings, and because no indication exists that Plaintiffs will attempt to prosecute the case in the future, I recommend that the Court enter an Order dismissing this case for failure to prosecute.

Defendants Williams and Chavez ("County Defendants") squarely placed this issue before the Court in their Motion to Dismiss filed July 30, 2018. Doc. 92. The remaining Defendants ("Bosque Farms and Los Lunas Defendants") request dismissal through a Motion for Reconsideration filed July 17, 2018. Doc. 91. I recommend that the Court deny this motion for reconsideration because the Court did not misapprehend a party's position, the facts, or the controlling law. Nonetheless, for the same reasons I recommend dismissal of the County Defendants for failure to prosecute, I recommend sua sponte dismissal of the remaining Defendants.

## I. Factual Background

Plaintiffs Mark Sanchez and Patrick Marquez (Plaintiffs), together with former plaintiffs Oscar Leyva and Dustin Sarrett[1], commenced this lawsuit against the Village of Los Lunas and Bosque Farms Defendants, and against the County Defendants, in 2011. Doc. 1. In early 2012, the Court consolidated this case with *Wilson v. Montano et al.*, Civ. No. 11-658 KG/SCY and *Ortiz v. Benavidez et al.*, Civ. No. 11-951 KG/SCY. Doc. 36.

Plaintiff Sanchez alleges that Bosque Farms police officer Steven Roberts arrested him without a warrant on July 1, 2010. Doc. 5 at 4, 11. Further, he alleges Officer Roberts booked him into the Valencia County Detention Center (VCDC) and then failed to file a criminal complaint against him. *Id.* at 11. As a result, Plaintiff Sanchez claims that he unnecessarily remained in custody at the VCDC for approximately eight days. *Id.* With regard to the VCDC, Plaintiff Sanchez asserts that the booking officer (referred to as "John Doe") never arranged to have him appear before a magistrate judge and did not release him when it became apparent no charges were filed. *Id.* at 6, 11-12.

Plaintiff Marquez alleges that Los Lunas Officer Delinda Chavez arrested him without a warrant on or about June 15, 2010. Doc. 5 at 5, 12. According to Plaintiff Marquez, Officer Chavez booked him into the VCDC following his arrest but waited until June 28, 2010 to file a criminal complaint against him. *Id.* at 13. When Plaintiff Marquez was then brought before a magistrate judge on June 28, 2010, the magistrate judge released him. *Id.* Further, Plaintiff Marquez alleges that the VCDC booking officer (referred to as "John Doe") neither arranged to have him brought before a magistrate judge nor released him even though he was being kept in custody without charges having been brought against him. *Id.* at 14.

---

[1] The Court dismissed the claims against former plaintiffs Dustin Sarrett and Oscar Leyva with prejudice on February 6, 2018, as a sanction for discovery violations and failure to prosecute their claims. Doc. 50.

## II. Procedural History

Discovery stays have been in place throughout much of this litigation. In December 2016, the Court ruled on a number of motions that had been pending. *See* Civ. No. 11-658 KG/SCY, Docs. 158-166. I held a status conference on January 24, 2017 and lifted the discovery stay in place at the time. Civ. No. 11-658 KG/SCY, Docs. 172-73. Although the cases remained consolidated, discovery in this case and *Wilson* largely diverged, primarily because this case involved class certification discovery while *Wilson* did not. To allow the parties to focus on class certification discovery, I delayed merits discovery. *Id*. Subsequently, over the course of multiple follow-up status conferences with the parties, I modified the discovery process to allow for a phased pre-certification discovery approach. Civ. No. 11-658 KG/SCY, Doc. 178. First, I allowed a period of "Phase 1" discovery, designed to provide Plaintiffs an opportunity to obtain the information they would need to support their motion for class certification. "Phase 2" discovery was designed to provide Defendants an opportunity to obtain the information they would need to respond to Plaintiffs' motion for class certification. Unfortunately, due to the volume of discovery involved and various disputes regarding the production of this discovery, the Phase 1 discovery process took longer than the parties initially anticipated. Civ. No. 11-658 KG/SCY, Docs. 188, 196, 207, 208, 211, 215.

On July 24, 2017, I set settlement conferences which, at the request of the parties, I later vacated and reset to the end of November 2017. Civ. No. 11-658 KG/SCY, Docs. 219, 221, 226-228. At a status conference on September 12, 2017, the parties requested that the commencement of Phase 2 discovery be delayed until after the November settlement conferences. Civ. No. 11-658 KG/SCY, Doc. 225. I then ordered the parties to file a joint status report (JSR) regarding proposed parameters and deadlines for Phase 2 discovery. *Id*. The parties filed this JSR on

October 2, 2017. Civ. No. 11-658 KG/SCY, Doc. 231. Even though the Court had not yet entered a Phase 2 discovery order, the Bosque Farms and Los Lunas Defendants propounded discovery on October 19, 2017. Civ. No. 11-658 KG/SCY, Doc. 259-1, 259-2. On October 24, 2017, I vacated the settlement conference in this case and I then entered an order setting a deadline for Phase 2 discovery to be completed by January 26, 2018. Civ. No. 11-658 KG/SCY, Doc. 236. I also set a deadline of February 16, 2018 for Plaintiffs to file their motion for class certification. *Id*.

On December 14, 2017, the Bosque Farms and Los Lunas Defendants filed a motion to compel, arguing that Plaintiffs had been completely unresponsive to their attempts to obtain discovery. Civ. No. 11-658 KG/SCY, Doc. 259. The Court denied this motion because the Bosque Farms and Los Lunas Defendants propounded their discovery requests prior to the commencement of Phase 2 discovery and because the scope of discovery requested exceeded the amount the Court allowed. Civ. No. 11-658 KG/SCY, Doc. 280. The Court then directed the Bosque Farms and Los Lunas Defendants to serve written discovery that complied with its order regarding Phase 2 discovery no later than January 31, 2018 and allowed Plaintiffs two weeks thereafter to respond to the discovery. *Id*. The Court advised Plaintiffs "that the failure to comply with discovery obligations or Court orders may result in the imposition of sanctions, up to and including dismissal of their claims." *Id*. at 2. The Court further reiterated in bold lettering that the "February 16, 2018 deadline for Plaintiffs to file a motion for class certification remains unchanged." *Id*. at 2. The Bosque Farms and Los Lunas Defendants represent, and Plaintiffs do not dispute, that they complied with this order by serving their written discovery on January 24, 2018. Doc. 59 at 3. Thus, Plaintiffs' response to this discovery was due no later than February 8, 2018. Having received no response, the Bosque Farms and Los Lunas Defendants filed a motion

to dismiss Plaintiffs' claims on February 14, 2018. Doc. 59. Plaintiffs, however, did not timely respond.

On March 8, 2018, I scheduled a hearing on all Defendants' motion to dismiss to take place on April 5, 2018. Doc. 65. On March 19, 2018, the Office of Disciplinary Counsel for the Disciplinary Board of the New Mexico Supreme Court notified this Court of a pending Petition for Administrative Suspension of Plaintiffs' counsel. Doc. 68. On March 29, 2018, Plaintiffs filed a motion to extend the deadline to respond to, among other things, the Bosque Farms and Los Lunas Defendants' motion to dismiss. Doc. 69. In this motion, Plaintiffs' counsel represented that he "was unable to respond in a timely manner . . . because he experienced significant medical difficulties and a condition that rendered it impossible for him to respond by the deadline." Doc. 69 at 2. I denied this motion with leave to renew it at the April 5, 2018 hearing. Doc. 70.

For a portion of the April 5, 2018 hearing, I sealed the courtroom so that I could hear details from Plaintiffs' counsel about his medical condition. Plaintiffs' counsel represented that his medical condition had existed for the past six to eight months and that his condition declined rapidly during the previous three to four months. Doc. 85 at 4-5, 9-10. He stated that from late December 2017 into January 2018, his medical condition severely affected his ability to represent his clients. Doc. 85 at 4-5, 9-10. Plaintiffs' counsel indicated that, through the help of investigators, he was able to locate his clients and so their failure to appear at the hearing as well as their recent unresponsiveness was the fault of counsel, not the fault of Plaintiffs themselves. *Id*. at 6. Based on the representations of Plaintiffs' counsel, I am convinced that Plaintiffs' counsel did suffer from a medical condition that significantly impaired his ability to respond to discovery and meet Court imposed deadlines.

During the open portion of the April 5, 2018 hearing, I pointed out that, while Plaintiffs had moved to extend the time to respond to the Bosque Farms and Los Lunas Defendants' motion to dismiss, Plaintiffs had not filed a motion to extend the February 16, 2018 class certification deadline. Doc. 75 at 9. Plaintiffs' counsel responded that he would be filing a motion for a new scheduling order but that he first needed to verify with his clients that they continued to be willing to pursue the class claims as class representatives. *Id*. at 10, 13. Plaintiffs' counsel stated that he could ascertain his clients' willingness to remain as class representatives within seven to fourteen days. *Id*. at 13.

At the conclusion of the hearing, I granted Plaintiffs' counsel's request for an opportunity to file late written responses to the Bosque Farms and Los Lunas Defendants' motion to dismiss (Doc. 59) and the County Defendants' motions for summary judgment (Docs. 61, 62). Plaintiffs filed responses to these motions on April 19, 2018. Docs. 76-78.

Unfortunately, Plaintiffs' re-engagement to the case was short-lived. Although Plaintiffs filed responses to pending dispositive motions, Plaintiffs made no attempt to move their class certification claims forward. I recommended that the Court dismiss the class claims, but not Plaintiffs' individual claims (Doc. 86) and, on June 20, 2018, the Court adopted my proposed findings and recommended disposition.

I then issued a June 25, 2018 Order setting a status conference for July 16, 2018. Doc. 88. I required Plaintiffs to personally appear at this hearing and warned Plaintiffs that their failure to appear at the status conference "may result in the imposition of sanctions, up to and including dismissal of their respective lawsuits." Doc. 88. The day the hearing was supposed to take place, Plaintiffs filed a Notice and Motion to Vacate Settings. Doc. 89. In this motion, Plaintiffs' counsel represented that he continued to struggle with medical issues, that his license had been

6

suspended due to his failure to complete his continuing legal education requirements, that he was considering taking a disability suspension until his health issues resolved, and that his clients needed additional time to get new counsel. Doc. 89. Because Plaintiffs' counsel did not have a currently active license to practice law, the Court vacated the hearing. Doc. 90.

In so doing, I noted that Plaintiffs' counsel represented on April 5, 2018 that he was endeavoring to obtain new counsel for his clients and that "the response to Plaintiffs' medical condition cannot be to stay this seven-year-old lawsuit until Plaintiffs' counsel is able to prosecute it." Doc. 90 at 2. As a result, I ordered that "on or before July 30, 2018, Plaintiffs shall obtain new or additional counsel in this matter." *Id*. To date, no new counsel has entered an appearance.

## III.  Analysis

### A. Law

The Federal Rules of Civil Procedure authorize a district court to impose sanctions, including dismissal of a case with prejudice, for a party's failure to comply with court orders and discovery requirements set by local and federal rules. Specifically, Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). As the Tenth Circuit has emphasized, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . .." *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant

7

file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). When a defendant seeks to dismiss a case with prejudice, as here, the Court should consider the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Id*. This is a highly fact-intensive inquiry that should generally be conducted on the record although the Tenth Circuit has affirmed dismissals even where the district court did not consider all of the factors. *See Lee v. Max Intern., LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (internal citation omitted). Ultimately, "the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks omitted).

Because our judicial system prefers to resolve cases on their merits, dismissal of a case with prejudice "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal citation omitted). "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks and citations omitted).

**B. Bosque Farms and Los Lunas' Defendants' Motion for Reconsideration**

As the Bosque Farms and Los Lunas Defendants set forth in their motion for reconsideration, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Doc. 91 at 4 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rather than setting forth how the Court misapprehended the facts, law, or their position, however, these defendants repeat their original arguments and then refer to new evidence--namely, Plaintiffs' inability to represent his clients at the June 16, 2018 hearing. Although Plaintiffs' continued failure to prosecute their case is relevant to whether the Court should now dismiss this case, it is not relevant to whether the Court should reconsider its June 20, 2018 Order adopting my proposed findings and recommended disposition regarding the Bosque Farms and Los Lunas Defendants' motion to dismiss. As a result, I recommend that the Court deny the Bosque Farms and Los Lunas Defendants' Motion to Reconsider.

**C. *Ehrenhaus* Analysis**

Even though I recommend denying the Bosque Farms and Los Lunas Defendants' Motion to Reconsider, I recommend dismissing Plaintiffs' remaining claims based on Plaintiffs' failure to prosecute their case. As set forth above, the County Defendants' Motion to Dismiss places this issue squarely before the Court. Further, regarding the remaining Defendants, Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Sua sponte dismissal is particularly appropriate in a case such as this where Plaintiffs have repeatedly been warned that failure to prosecute their case could result in its dismissal and similarly situated defendants have

simultaneously placed the issue before the Court. Moreover, an analysis of the *Ehrenhaus* factors favors dismissal.

   1. *Prejudice to the Opposing Party*

When I issued my PFRD on June 1, 2018, I noted that individual discovery had not been delayed because the Court had not entered a scheduling order for individual discovery. Thereafter, I scheduled a July 16, 2018 hearing to discuss with the parties what schedule I should impose regarding the remaining individual claims. Unfortunately, Plaintiffs' counsel could not appear on behalf of his clients because he no longer held an active law license. Because Plaintiffs' counsel's license had only been temporarily administratively suspended due to his failure to complete his CLE requirements, however, it was not clear that this temporary suspension destroyed Plaintiffs' counsel's attorney client relationship with his clients. Thus, the Court was also disinclined to hold a hearing without Plaintiffs' counsel.

The obvious solution to Plaintiffs' counsel's inability to effectively represent his clients was for him to obtain new representation for them. At the April 5, 2018 hearing, Plaintiffs' counsel represented that he had already been in communication with another attorney who Plaintiffs' counsel anticipated would be joining him soon as co-counsel. Doc. 75 at 8, 29. Yet, no such counsel had joined the case when Plaintiffs' counsel filed his motion to vacate the July 16, 2018 hearing. In Plaintiffs' July 16, 2018 motion, Plaintiffs' counsel again represented that his clients needed additional time to get new counsel. Doc. 89 at 2. Now, seven months after the April 5 hearing and nearly four months after the July 16 motion, the case continues to be stalled for want of prosecution. The passage of time that has occurred since I entered my June 1, 2018 PFRD has caused material prejudice to Defendants. As a result, this factor weighs in favor of dismissing Plaintiffs' claims pursuant to Rule 41.

2. *Amount of Interference with the Judicial Process*

In my June 1 PFRD, I noted that there had been no abuse of discovery because the Court had not yet entered a scheduling order for discovery on the individual claims. Since then, Plaintiffs' inability to prosecute their case has prevented the Court from entering a scheduling order. Nor is there any indication that the Court will be able to hold a hearing to enter a scheduling order anytime soon. Thus, Plaintiffs' failure to prosecute has interfered with, and continues to interfere with, the judicial process. Thus, this factor also weighs in favor of dismissing Plaintiffs' claims pursuant to Rule 41.

3. *Culpability of the Litigants*

I am not aware of what, if any, efforts Plaintiffs' counsel has made to contact his clients. As noted in my June 1 PFRD, the individual Plaintiffs were not responsible for the medical condition of Plaintiffs' counsel and, because the Court had not ordered individual discovery as of June 1, this factor strongly weighed in favor of denying Defendants' motion to dismiss. On the other hand, there has been a long period of inactivity in this case and, to date, the Court has no indication that either of these individual Plaintiffs have been personally involved in their case.[2] As a result, I find this factor to be neutral.

4. *Whether the Court warned Plaintiffs in advance that dismissal would be a likely sanction for non-compliance*

In my January 23, 2018 Order Denying Motion to Compel, I ordered Plaintiffs to provide responses to Defendants' renewed written discovery two weeks after being served. Civ. No. 11-658 KG/SCY, Doc. 280 at 2. I then clearly advised Plaintiffs "that the failure to comply with discovery obligations or Court orders may result in the imposition of sanctions, up to and

---

[2] It is worth noting that, although the failure of this case to move forward may not be the fault of the individual Plaintiffs, neither is it the fault of the Defendants.

including dismissal of their claims." *Id*. Plaintiffs, however, did not comply with their discovery obligations. Further, when I scheduled the July 16 hearing I ordered Plaintiffs to personally appear and issued a warning that their failure to appear might result in the imposition of sanctions, up to and including dismissal of their respective lawsuits. Doc. 88. Although Plaintiffs' counsel's eleventh-hour notice forced me to vacate the hearing, the Order nonetheless provided further notice that Plaintiffs' failure to prosecute their case could result in its dismissal. Finally, in the July 16 Order vacating the status conference, the Court quoted the above language and advised that "the response to Plaintiff's medical condition cannot be to stay this seven-year-old lawsuit until Plaintiffs' counsel is able to prosecute it." Doc. 90. These warnings favor dismissal of Plaintiffs' cases.

     5. *Efficacy of Lesser Sanctions*

In my June 1, 2018 PFRD I noted, "[g]iven Plaintiffs' recent failures to comply with their discovery obligations, including a failure subsequent to the April 5, 2018 hearing to file a motion to extend the time to move for class certification, I am concerned that Plaintiffs will not diligently prosecute their individual claims. Nonetheless, Plaintiffs' counsel represented that he intended to associate with an experienced and well-respected attorney going forward in this case." Doc. 86. Based on this representation, I recommended that the Court only dismiss the class claims. However, five months have since passed without any indication that a new attorney will take over this case or that the case might move forward. As a result, this factor also favors dismissal.

**IV. Conclusion**

Plaintiffs' failure to prosecute their cases warrants their dismissal of their case pursuant to Rule 41(b). Therefore, I recommend that the Court grant the County Defendants' motion to

dismiss (Doc. 92). With regard to the Bosque Farms and Los Lunas Defendants, I recommend that the Court deny their motion for reconsideration (Doc. 91) but nonetheless enter an Order sua sponte dismissing the claims against them pursuant to Rule 41(b).

                                                                                 */s/ Steve Yarbrough*
                                                                         UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**